Mr. Chief Justice Shahkey
delivered the opinion of the court.
This was an action of ejectment brought by the plaintiff in error to recover a tract of land in Wilkinson county. On the trial four hills of exceptions were taken by the plaintiff’s counsel; the first, second, and third, to the admissibility of evidence offered by defendants, and the fourth to the charges given by the court to the jury.
The plaintiff’s testimony is not set out in either of these bills of exceptions, and it is therefore insisted that it is not properly before the court. It is true, that nothing which does not properly belong to the record will be noticed unless it be placed there by bill of exceptions, but the written evidence of the plaintiff is referred to in his bill of exceptions, as being set out in another bill of exceptions on a former trial. The whole of the proceedings on the former trial are set out in the record and are made to constitute a part of it, and every thing which has been properly placed there is before us. Whatever is set out in one bill of exceptions may be referred to in another, without again inserting it at length. It is then nothing more than referring to part of the record, and does not fall within the rule that whatever is not properly in the record, cannot be made so by mere reference to it in a bill of exceptions.
The plaintiff offered in evidence a decree of this court against the heirs of Francis Gildart, by which the money decreed to the plaintiff was directed to be levied out of the goods and chattels, lands and tenements of which Francis Gildart died seised and possessed. He also offered the execution which issued on this decree, the levy, and sheriff’s deed to the plaintiff for the land in question. He also proved by a witness that Francis Gildart went into actual possession of the land in 1813 or ’14, shortly before his death, and that his heirs have continued to hold it ever since, claiming by descent, and here closed his case.
To rebut the proof of seizin of Francis Gildart, the defendants *619 introduced the record of a suit in chancery, instituted by Augusta Foremau against Joseph Foremau, administrator of Wm. Gordon Foremau, to enforce a vendor’s lien on land sold, without security for the purchase money. William G. Foremau, the purchaser from Augusta Foremau, had sold by written contract of sale to William B. Posey, who subsequently sold by written contract to Francis Gildart. In consequence of these sales, both Posey and Gildart’s heirs were made parties. The final decree directed that the land should be conveyed to Sophia Gildart, subject to the uses expressed in the will of Francis Gildart, and in default of any such trust, then to the right heirs of Francis Gildart. And it was also decreed that they should pay the purchase money to Augusta Foremau, and that the land should be held subject to a lien for the same. The decree was not, as has been urged, that title should be made on payment of the purchase money, but it was to be conveyed immediately, subject to the lien. The payment was therefore a condition subsequent and not precedent.
On an examination of the will of Gildart, set out in the second bill of exceptions, it will be seen that no such trust as that which seems to have been supposed by the decree to exist, is contained in it; consequently the land vested in his heirs in virtue of a contract of purchase made by him in his life time. The will was made long before the land was acquired.
The second bill of exceptions sets out the will of Francis Gil-dart, and the third was taken to the admission of an execution against R. S. Gildart, and a levy and sale, and sheriff’s deed. The judgment and execution were in favor of John S. Lewis. It does not appear by the return of the sheriff, what property was sold, and his deed to Morris, the purchaser, recites several executions. It however conveys R. S. Gildart’s portion of the Ashley tract of land, the same which is in controversy. A deed from Eggleston and wife was also introduced by which they conveyed their interest in the land, and describe it as one-eighth part of the Ashley plantation, lately owned by Francis Gildart, deceased. Eggles-ton’s wife was one of the heirs, and the object of this deed was to show that they claimed by descent.
Under this state of the case, the defendant’s counsel requested the court to charge the jury, “ that if they believed F. Gildart, *620 Sen. in his life time, was in possession of the land under a contract for a purchase by which a title was to be made when the purchase money was paid, which payment was to be made at a future day, and that the purchase money was not paid by said Gildart in his life time, such possession does not amount to a sei-zin within the meaning of the decree under which the plaintiff claims, and they must find for the defendant;” which charge was given and excepted to.
The decree under which the plaintiff claims intended no doubt to subject all the property of Francis Gildart to the payment of the money thereby decreed to the plaintiff; and such a seizin as would make his property liable to other creditors, would be sufficient to justify the levy under this decree. An actual seizin is not necessary, a constructive seizin is sufficient. Francis Gildart made the purchase of Posey on the 17th of January, 1814. Posey was not bound to convey until the purchase money was paid. The payments were to be made, in five annual instalments, commencing in January, 1815, and ending in January, 1819. Gildart died in 1814, and in 1816 the decree in Chancery was made, by which the land was decreed to Gildart’s heirs, who were to pay Augusta Foremau the purchase money, and a lien on the land was preserved to secure the payment. The conditions in the contract between Stark and Posey were therefore superceded by the decree, long before the time had elapsed for performance. Hence there is no propriety for the application of the doctrine, that if a purchase be made on condition that the money shall be paid at a future day, and no title is to pass until payment, then the vendor may consider the contract at an end. The land in this case was confirmed to Gildart’s heirs by the decree, and not by virtue of the contract with Posey. Suppose then that Francis Gildart went into possession of the land in 1814, which was the date of his purchase, under an equitable title; this equitable title was confirmed by a decree rendered in 1816, and the legal title was to pass to Gildart’s heirs, he being then dead, subject to a defeasance. His heirs have continued in possession for upwards of twenty years, and a presumption now arises that the lien has been discharged and that the estate has become absolute; and it is surely a part of the estate of Francis Gildart, and liable to the payment of his debts. *621 The defendants themselves have shown a title in their ancestor, and that they derive title by descent. He was in under an equitable title, which was afterwards perfected. The inception of a perfect title took place therefore in his lifetime, and when it was afterwards made complete the estate vested as though it had been made perfect in the first instance. If this view of the subject be correct, then the charge of the court was wrong. The charge was evidently based on the contract with Posey, which had been annulled as to its conditions by the decree in Chancery.
[ Correction. — The word seizin is erroneously printed “seisure” in the last paragraph of the syllabus of this case.]
The other charges given were predicated on the insufficiency of the seizin, and require no additional remarks.
The judgment must be reversed and the cause remanded.